

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00002-CV

_____

IN THE INTEREST OF S.A.C., A CHILD

On Appeal from the 307th Judicial District Court
Gregg County, Texas
Trial Court No. 2008-2517-DR

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Carmelo Cervantes has filed an appeal from the termination of his parental rights to S.A.C., an infant now approximately fourteen months of age. Counsel timely filed the mandated issues to be raised on appeal and a motion for new trial. At a brief hearing, the trial court denied the motion, declared the appeal was frivolous under Section 263.405 of the Texas Family Code, and found Cervantes *not* indigent (and thus not entitled to a free record). The trial court, however, continued Cervantes' appointed trial counsel as appointed counsel on appeal.

In our order of January 29, 2010, we declined to immediately rule on the motion to dismiss because the record of the hearing on new trial provided no information which could show this Court whether the frivolousness determination was proper. We, therefore, provided time and opportunity for Cervantes to try to get a reporter's record or for counsel to file a brief containing whatever issues might be viable based on the appellate record as it presently exists before this Court. Any such action was to be taken, and this Court informed of it, before March 1, 2010. We warned at that time that failure to proceed with the appeal could cause the case to be dismissed.

We have again contacted counsel by telephone. Counsel has advised that no record will be forthcoming and that no brief will be filed.

It remains the duty of a nonindigent litigant to request and pay for whatever record he or she may need to pursue an appeal. *See* TEX. R. APP. P. 34.6, 35.3(b). That has not occurred here. When no reporter's record is filed due to an appellant's fault, we may consider issues or points that

2

do not require a reporter's record for decision.   TEX. R. APP. P. 37.3(c).

Here, however, no such issues or points have been presented to this Court, and counsel has concluded that filing a brief would be futile.   Here, in the absence of a reporter's record, no reversible error can be shown.   As this is a civil case, we are authorized to dismiss the appeal for want of prosecution in the absence of a brief.   TEX. R. APP. P. 38.8(a)(1).

We further note that, although the filing of *Anders* briefs has been a procedure followed in a number of cases,[1] neither the Texas Supreme Court nor the United States Supreme Court has held that counsel is required to file an *Anders* brief[2] in a parental-rights termination case on finding that no arguable error exists or that the appellate courts are obliged to review the record for arguable error.   *L.D.T.*, 161 S.W.3d at 730.

We also recognize that, under these circumstances, the appellant has acquiesced in a situation that prevents this Court from reviewing most issues on their merits, and also prevents us from reviewing the trial court's determination that this appeal is frivolous.

---

[1]*See In re L.D.T.*, 161 S.W.3d 728, 730–31 (Tex. App.—Beaumont 2005, no pet.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.,* 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.).

[2]*Anders v. California*, 386 U.S. 738 (1967).

We dismiss the appeal for want of prosecution.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 11, 2010
Date Decided:       March 12, 2010