In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00002-CV

                                                ______________________________

 

 

 

IN THE INTEREST OF S.A.C.,
A CHILD

 

                                                                  

 

                                                                                                  


 

 

                                       On Appeal from the 307th
Judicial District Court

                                                             Gregg County, Texas

                                                     Trial Court No. 2008-2517-DR

 

                                                   
                                               

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








            MEMORANDUM OPINION

 

            Carmelo Cervantes has filed an appeal from the
termination of his parental rights to S.A.C., an infant now approximately
fourteen months of age.  Counsel timely
filed the mandated issues to be raised on appeal and a motion for new trial.  At a brief hearing, the trial court denied
the motion, declared the appeal was frivolous under Section 263.405 of the
Texas Family Code, and found Cervantes not
indigent (and thus not entitled to a free record).  The trial court, however, continued
Cervantes’ appointed trial counsel as appointed counsel on appeal.  

            In our order
of January 29, 2010, we declined to immediately rule on the motion to dismiss
because the record of the hearing on new trial provided no information which
could show this Court whether the frivolousness determination was proper.  We, therefore, provided time and opportunity
for Cervantes to try to get a reporter’s record or for counsel to file a brief
containing whatever issues might be viable based on the appellate record as it
presently exists before this Court.  Any
such action was to be taken, and this Court informed of it, before March 1,
2010.  We warned at that time that
failure to proceed with the appeal could cause the case to be dismissed.

            We have
again contacted counsel by telephone. 
Counsel has advised that no record will be forthcoming and that no brief
will be filed.

            It remains
the duty of a nonindigent litigant to request and pay for whatever record he or
she may need to pursue an appeal.  See Tex.
R. App. P. 34.6, 35.3(b).  That
has not occurred here.  When no
reporter’s record is filed due to an appellant’s fault, we may consider issues
or points that do not require a reporter’s record for decision.  Tex.
R. App. P. 37.3(c).  

            Here,
however, no such issues or points have been presented to this Court, and
counsel has concluded that filing a brief would be futile.  Here, in the absence of a reporter’s record,
no reversible error can be shown.  As
this is a civil case, we are authorized to dismiss the appeal for want of
prosecution in the absence of a brief.  Tex. R. App. P. 38.8(a)(1).

            We further
note that, although the filing of Anders
briefs has been a procedure followed in a number of cases,[1]
neither the Texas Supreme Court nor the United States Supreme Court has held
that counsel is required to file an Anders
brief[2]
in a parental-rights termination case on finding that no arguable error exists
or that the appellate courts are obliged to review the record for arguable
error.  L.D.T., 161 S.W.3d at 730.

            We also
recognize that, under these circumstances, the appellant has acquiesced in a
situation that prevents this Court from reviewing most issues on their merits,
and also prevents us from reviewing the trial court’s determination that this
appeal is frivolous.

 

 

 

 

 

 

 

 

 

            We
dismiss the appeal for want of prosecution.

 

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          March
11, 2010

Date Decided:             March
12, 2010

 

 











[1]See In re L.D.T., 161 S.W.3d 728, 730–31
(Tex. App.—Beaumont 2005, no pet.); In re
D.E.S., 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.);
In re K.D., 127 S.W.3d 66, 67 (Tex.
App.—Houston [1st Dist.] 2003, no pet.); Porter
v. Tex. Dep’t of Protective & Regulatory Servs., 105 S.W.3d 52, 56
(Tex. App.—Corpus Christi 2003, no pet.); In
re K.M., 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); In re E.L.Y., 69 S.W.3d 838, 841 (Tex.
App.—Waco 2002, no pet.); In re K.S.M.,
61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.).

 





[2]Anders v. California, 386 U.S. 738
(1967).