

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00315-CV
_____

IN THE INTEREST OF L.V. AND A.V., CHILDREN

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 19,842; Honorable Kevin C. Hart, Presiding

November 9, 2015

## ORDER DIRECTING COUNSEL TO PROVIDE APPELLATE RECORD IN ANDERS APPEAL

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, R.V., challenges the trial court's order terminating his parental rights to two children, L.V. and A.V.[1] On October 13, 2015, Appellant's counsel filed a motion to withdraw, supported by a brief filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), wherein counsel represented that, after a diligent review of the record and the legal standards applicable to the case, there were

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014). *See also* TEX. R. APP. P. 9.8(b).

no potentially reversible issues to present to this court. Counsel provided a copy of the motion to withdraw and *Anders* brief to Appellant and advised him of his right to file a *pro se* response. Counsel also advised Appellant of his right to personally review the appellate record in order to determine whether to file a response. Pending before this court is Appellant's *pro se Motion for Access to Appellate Record*, filed on October 26, 2015. For the reasons expressed herein, we moot that motion and order Appellant's counsel to provide an accessible copy of the appellate record to Appellant.

COUNSEL'S RESPONSIBILITY

Because the relationship between a parent and a child is considered to be constitutionally protected, *Santosky v. Kramer*, 455 U.S. 745, 753-54, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982), Texas intermediate appellate courts have for many years considered the procedures set forth in *Anders v. California* to be applicable to the appeal of an order terminating parental rights.[2] *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). *See also In re R.M.C.*, 395 S.W.3d 820 (Tex. App.—Eastland 2013, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In the Interest of D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.); *Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.— Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Services*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98

---

[2] The Texas Supreme Court has yet to consider this issue.

S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *In re P.M.H.*, No. 06-10-00008-CV, 2010 Tex. App. LEXIS 3330, at *2 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.); *In the Interest of R.R.*, No. 04-03-00096-CV, 2003 Tex. App. LEXIS 4283, at *10-12 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.). The purpose of an *Anders* brief is to satisfy the appellate court that counsel's motion to withdraw is, indeed, based upon a conscientious and thorough review of the appellate record. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). Even though the granting of a motion to withdraw is inevitable once an *Anders* brief has been filed, certain obligations to the client remain. *Id.* at 408-11.

In a criminal proceeding where counsel has filed an *Anders* brief, it is still counsel's responsibility to do the following:

(1)   notify the client of the motion to withdraw and accompanying *Anders* brief,

(2)   provide the client with a copy of each,

(3)   inform the client of the right to file a *pro se* response,

(4)   inform the client of the right to review the appellate record in preparation of that response, and

(5)   inform the client of the right to seek further *pro se* review should the court of appeals declare the appeal frivolous and affirm the conviction.

*Id.* at 411-12. As we have stated before, there is no reason why these same obligations should not apply to appellate counsel in parental termination appeals. *See In re A.W.T.,* 61 S.W.3d at 88.

3

In appeals where an *Anders* brief has been filed, this court has observed a majority of attorneys providing the appellate record to their client simultaneously with the copy of the *Anders* brief and motion to withdraw. Recently, however, as in this case, we have seen appellate counsel provide their client with a *pro se* motion to sign and file in the appellate court seeking access to the appellate record. While this practice may be consistent with the procedure followed in criminal cases, realistically it is unworkable in the context of a parental termination case. Because appeals from parental termination orders are accelerated for the purpose of providing a child with permanence and stability at the earliest possible stage of the proceeding, a different appellate timetable exists.[3] "[A]ppellate courts are required to ensure that, so far as reasonably possible, the appeal is brought to final disposition" within 180 days of the date the notice of appeal is filed. TEX. R. JUD. ADMIN. 6.2(a). The practice of providing a parent in a parental termination case with a motion for *pro se* access unreasonably delays this process because it interposes the intermediate step of triggering preparation of an order directing some entity to provide a copy of the appellate record within a specified period.

Before counsel can file an *Anders* brief in a parental termination case, in good conscience and in accordance with minimum requirements of professional responsibility, counsel must have reviewed the entire appellate record to determine if there were any plausible errors. Because counsel has ready access to the appellate record and direct contact with the appellant at the time an *Anders* brief is filed, if a client expresses the intent to file a response, it would certainly expedite the process if counsel

---

[3] TEX. FAM. CODE ANN. § 263.405(a) (West 2014); TEX. R. APP. P. 28.4.

were to directly send the appellate record to the client along with the *Anders* brief and motion to withdraw. Such an expedited procedure would certainly be consistent with the purposes and goals of an accelerated appeal.

Accordingly, in the context of the appeal of an order terminating parental rights, where counsel files an *Anders* brief and where the appellant has demonstrated a desire to review the appellate record for purposes of filing a response to that brief, we add to appellate counsel's duties the responsibility of ensuring that appellant has meaningful access to the appellate record. Where the appellant is incarcerated, as he is in this case, providing an electronic copy may or may not constitute meaningful access to the appellate record. Because counsel is in a better position to determine that fact, we find that counsel's responsibility includes the duty to use whatever means available to ensure that the appellate record is provided to the client in a format that is readily accessible.

ORDER

Therefore, under the facts of this case, Appellant's counsel is ordered to prepare and deliver, by whatever means possible, a readily accessible copy of the appellate record on or before Thursday, November 19, 2015. Counsel is further directed to certify to this court, in writing, on or before that date, that she has complied with this order. Appellant's *pro se* response, should he desire to file one, is due twenty days following the date counsel certifies the appellate record has been provided. Furthermore, because Appellant is indigent, any cost associated with providing an accessible appellate record should be submitted to the trial court for payment. Because counsel is

5

hereby ordered to provide Appellant with access to the appellate record, we moot the pending *pro se* motion.

It is so ordered.

Per Curiam