

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00085-CV

_____

IN THE INTEREST OF S.D., L.D., A.D., AND J.E., CHILDREN

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2014-512,750; Honorable William R. Eichman II, Presiding

July 29, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, J.D.,[1] appeals the trial court's order terminating her parental rights to four children, S.D., L.D., A.D., and J.E. I.D., the biological father of S.D., L.D., and A.D., was severed from the termination suit and there is a separate order governing his parental rights. He has not appealed. Appellant, Jason E., the biological father of J.E., attempts to appeal the order terminating his parental rights as to that child.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials or abbreviated names. See TEX. FAM. CODE ANN. § 109.002(d) (West 2014). See also TEX. R. APP. P. 9.8(b).

In presenting her appeal, J.D.'s counsel has filed an *Anders* brief.[2]  In presenting his appeal, Jason E. has raised two issues: (1) the legal and factual sufficiency of the evidence supporting the order of termination and (2) ineffective assistance of his court-appointed trial counsel.  Appellee, the Texas Department of Family and Protective Services, filed a motion to dismiss Jason E.'s appeal for want of jurisdiction based upon an untimely filed notice of appeal.  That motion is pending before this court.  We affirm the trial court's order terminating J.D.'s parental rights and we grant Appellee's motion to dismiss Jason E.'s appeal.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the relationship between a parent and a child if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) of the Code and (2) termination of that relationship is in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2015);[3] *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).  The burden of proof is by clear and convincing evidence.  § 161.206(a) (West 2014).  "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  § 101.007.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Although an *Anders* brief is to be accompanied by the filing of a motion to withdraw in the context of a criminal trial, *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008), counsel did not file such a motion in this case based upon her continuing duty of representation through the exhaustion of proceedings, including the possible filing of a petition for review.  *See In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *6 (Tex. April 1, 2016).

[3] Throughout the remainder of this opinion, we will cite provisions of the Texas Family Code as "§" or "section."

Only one statutory ground is required to support termination. *In re K.C.B.,* 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). Although evidence presented may be relevant to both the statutory grounds for termination and best interest, each element must be established separately and proof of one element does not relieve the burden of proving the other. *See In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2002). In appellate review of a termination proceeding, the standard for sufficiency of the evidence is that discussed in *In re K.M.L.,* 443 S.W.3d 101, 112-13 (Tex. 2013). In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley,* 544 S.W.2d at 371-72.

BACKGROUND

This is a consolidated case combining the termination proceedings related to S.D. and L.D. (Cause No. 2013-507,067) with A.D. and J.E. (Cause No. 2014-512,750). In April 2013, S.D. and L.D. were removed from the care of J.D. and I.D. for neglectful supervision. At that time, I.D. was incarcerated and J.D. had left her children in the care of a pregnant drug user for an extended period of time. The children were eventually returned to J.D., and in September 2013, A.D. was born.

By April 2014, Jason E. had become a part of J.D.'s household despite the Department's instructions that he not be allowed near children due to his past drug use. When the Department learned J.D. was permitting Jason E. to be around the children, S.D., L.D., and A.D. were placed in foster care. In June 2014, the three children were returned from foster care to live with J.D. under a monitored return. Again, despite the Department's instruction that J.D. not allow Jason E. around the children, he again became part of the household. Less than three months later in August 2014, Jason E.

3

tested positive for methamphetamine. The Department subsequently learned J.D. was using nonprescription Xanax and methamphetamine. J.E. was born to J.D. and Jason E. in September 2014. At birth, both J.D. and J.E. tested positive for methamphetamine. As a result of these revelations, S.D., L.D., A.D., and J.E. were removed and placed in foster care. In October, Jason E. and J.D. executed a service plan that was later incorporated into a court order. The service plan required among other things, that they stay drug-free and not violate any laws.

Both Jason E. and J.D. successfully worked their service plans for nine months, and in July 2015, all four children were returned under monitored supervision. Less than three months later, in September 2015, Jason E. was asked to leave the household because he tested positive for marijuana. He was subsequently arrested for outstanding warrants. In October, during a jail house phone call, Jason E. and J.D. discussed using drugs together and plotted how they could attain clean test results in upcoming drug tests. Once again, the children were removed and placed in foster care. J.D. subsequently tested positive for methamphetamine use.

At that time, the previous case pertaining to S.D. and L.D. was consolidated with a new case pertaining to A.D. and J.E. Alleging termination of Jason E.'s and J.D.'s parental rights was warranted under section 161.001 subsections (b)(1)(D), (E), and (O) of the Texas Family Code, the Department filed an amended petition asserting that termination would be in the best interest of the children. *See* §§ 161.001(b)(1)(D), (E), (O), and (b)(2) (West Supp. 2015). Following a five-day trial in February 2016, a jury returned a verdict resulting in the termination of the parental rights of both parents. The trial court subsequently issued its *Order of Termination* and this appeal followed.

By her *Anders* brief, J.D.'s counsel acknowledges she has conducted a diligent review of the record and finds no reversible error to argue on appeal. She evaluates the circumstances under which J.D.'s parental rights were terminated and concludes the record supports the verdict of the jury and trial court's order.

*ANDERS V. CALIFORNIA*

Although the Texas Supreme Court has yet to directly consider the issue, for many years Texas appellate courts, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).[4] The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversible error.

In support, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated that she has complied with the requirements of *Anders* by (1) providing a copy of the brief to J.D. and (2) notifying J.D. of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this court also granted J.D. an opportunity to exercise

---

[4] *See also In re R.M.C.,* 395 S.W.3d 820 (Tex. App.—Eastland 2013, no pet.); *In re K.R.C.,* 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In the Interest of D.D.,* 279 S.W.3d 849 (Tex. App.—Dallas 2009, pet. denied); *In the Interest of L.D.T.,* 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.); *Taylor v. Tex. Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.,* 135 S.W.3d 326, 329 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Services*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.,* 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.,* 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.,* 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *In re P.M.H.,* No. 06-10-00008-CV, 2010 Tex. App. LEXIS 3330, at *2 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.); *In the Interest of R.R.,* No. 04-03-00096-CV, 2003 Tex. App. LEXIS 4283, at *10-12 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.).

her right to file a response to counsel's brief, should she be so inclined. J.D. did not file a response. The Department notified this court it would not file a response unless requested to do so.

ANALYSIS

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that grounds for termination existed in compliance with section 161.001 and that termination of J.D.'s parental rights was in the children's best interest. *See Gainous v. State*, 436 S.W.2d 137, 137-38 (Tex. Crim. App. 1969). Accordingly, we agree with counsel that there are no plausible grounds for appealing the termination of J.D.'s parental rights.

JASON E.'S APPEAL

APPELLEE'S MOTION TO DISMISS

The Department has moved to dismiss Jason E.'s appeal for want of jurisdiction by arguing that his notice of appeal was untimely filed. A timely filed notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b). The appeal of a final order in a suit brought by the Department to terminate parental rights is an accelerated appeal. *See* § 263.405(a). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). Furthermore, even though parties whose interests are aligned may file a joint

notice of appeal, TEX. R. APP. P. 25.1(c), if one party does file a notice of appeal, another party may file their notice of appeal within the applicable time period provided by Rule 26.1 or fourteen days after the first filed notice of appeal, whichever is later. *See* TEX. R. APP. P. 26.1(d).

Notwithstanding these limitations, a notice of appeal may still be considered timely if an appellant (1) files the notice within fifteen days after the deadline for filing the notice of appeal and (2) files a motion requesting an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3, 10.5(b). A motion for extension of time is necessarily implied when the appellant files the notice of appeal within that fifteen-day extension period. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

Here, the *Order of Termination* was signed on February 18, 2016. Therefore, notice of appeal from that order was due on March 9, 2016 (twenty days after the order was signed). *See* TEX. R. APP. P. 26.1(b). Because J.D. timely filed her notice of appeal on February 24, 2016, Jason E.'s notice of appeal was due on March 9, 2016 (the later of the applicable period under Rule 26.1(b) or fourteen days after J.D.'s notice of appeal). *See* TEX. R. APP. P. 26.1(d). This deadline could have been further extended to March 24, 2016 (fifteen days after the deadline for filing the notice of appeal). *See* TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 617. Because Jason E. filed his notice of appeal on April 7, 2016, it was not timely filed.

Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those

rules, *Verburgt*, 959 S.W.2d at 616-17, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* Tex. R. App. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). This court has no discretion to permit Jason E.'s untimely filed notice of appeal to confer jurisdiction over this appeal.[5] Accordingly, his purported appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Moreover, even if we were to accept jurisdiction, having reviewed the record, we are convinced Jason E.'s violations of the trial court's orders coupled with his repeated drug use while caring for J.E. sufficiently support termination of his parental rights under the applicable provisions of the Texas Family Code. *See* §§ 161.001(b)(1)(D), (E), (O), and (b)(2) (West Supp. 2015). *See also In re E.C.R.*, 402 S.W.3d 239, 248-49 (Tex. 2013).

CONCLUSION

We affirm the trial court's order granting the termination of J.D.'s parental rights and we grant Appellee's motion to dismiss Jason E.'s appeal.

Patrick A. Pirtle
Justice

---

[5] Given our conclusion that Jason E.'s notice of appeal was not timely filed, by letter dated June 1, 2016, we directed him to show this court why this court should not dismiss his appeal for want of jurisdiction. He responded that he mistakenly believed his appointed trial counsel had filed a notice of appeal before the deadline based upon counsel's express representation that he had done so. According to Jason E., it was not until appellate counsel investigated the matter that he learned his trial counsel had misrepresented the facts to him. While we recognize the constitutional dimensions of a parental termination proceeding and are not unsympathetic to Jason E.'s allegations of ineffective assistance of counsel, the Texas Supreme Court has not given us any guidance with respect to "out of time appeals" similar to that provided by the Texas Court of Criminal Appeals regarding such claims in criminal proceedings. In light of Rule 2 of the Texas Rules of Appellate Procedure, we are reluctant to create an exception that would alter the jurisdictional requirement of a timely notice of appeal.