In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00341-CV**

_____

**IN THE INTEREST OF S.D.B.**

_____

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 08-01-00210-CV**

_____

**MEMORANDUM OPINION**

Appellant S.B., the mother of the minor child S.D.B., appeals the trial court's

final order in a suit affecting the parent-child relationship.[1] We affirm.

In 2008, in a suit brought by the Office of the Attorney General, the trial court

entered an order finding that S.N. was the biological father of S.D.B. The court

appointed S.B. and S.N. as joint managing conservators of S.D.B. and named S.B.

as the conservator with the right to designate the primary residence of the child. In

_____

[1] To protect the identity of the minors, we have not used the names of the children, parents, or other family members.  *See* Tex. R. App. P. 9.8(a), (b).

1

2016, the Department of Family and Protective Services ("the Department") filed an original petition for protection of a child, for conservatorship, and for termination in a suit affecting the parent-child relationship. Prior to trial, the Department withdrew all termination grounds, and the matter proceeded to a bench trial as a modification of the 2008 conservatorship order.

Following an evidentiary hearing, the trial court did not terminate S.B.'s parental rights, but instead, modified the prior conservatorship order to appoint S.N. as sole managing conservator of the child and S.B. as a possessory conservator. The trial court's order further limited S.B.'s access to the child to specific periods of supervised visitation. S.B. timely filed a notice of appeal.

S.B.'s appellate counsel subsequently filed a brief that presents counsel's professional evaluation of the record and concludes that there are no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Because the underlying proceeding began as one in which the Department sought termination of parental rights, this Court accepted the *Anders* brief filed by appointed counsel. *See In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.) (applying *Anders* procedure in an appeal from termination of parental rights).

S.B.'s appellate counsel has further provided this court with documentation evidencing that she provided S.B. with a copy of the brief, along with a detailed notice advising S.B. of her right to request the record and file a *pro se* brief. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). On November 13, 2017, this Court also notified S.B. that she could file a *pro se* brief on or before December 13, 2017. We have received no response or additional brief from her.

We have independently examined the entire appellate record in this matter, and we agree with counsel's conclusion that no arguable issues support an appeal. We further find no arguable error requiring us to order appointment of new counsel to re-brief this appeal. *Cf. id.* at 511. We affirm the trial court's order, but we deny counsel's motion to withdraw without prejudice as premature.[2] *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 19, 2017
Opinion Delivered January 18, 2018

Before Kreger, Horton, and Johnson, JJ

---

[2] In connection with withdrawing from the case, counsel shall inform S.B. of the outcome of this appeal and inform her that she has the right to file a petition for review with the Texas Supreme Court. *See* Tex. R. App. P. 53; *In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).