

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00115-CV
_____

IN THE INTEREST OF D.W., K.W., C.W., E.W., AND E.W., CHILDREN

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 89,631-D; Honorable Carry Baker, Presiding

August 1, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, C.W., appeals the trial court's order terminating her parental rights to her children, D.W., K.W., C.W., E.W., and E.W.[1]  In presenting this appeal, appointed counsel has filed an *Anders* brief[2] in support of a motion to withdraw.  We affirm.

---

[1] To protect the privacy of the parent and her children, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017).  *See also* TEX. R. APP. P. 9.8(b).  The father's rights were also terminated but he did not appeal.

[2] *Anders v. California*, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

BACKGROUND

The Texas Department of Family and Protective Services removed C.W.'s children from her care for allegations of neglectful supervision. The children were placed in foster care—the two older ones were placed together; the next two siblings were placed together in the Dallas area; and the youngest child was placed in foster care in the Claude area. At the time of the final hearing, the caseworker testified the children were doing well with their placements although the two older children still had some behavioral issues.

After a year of attempting to reunify C.W. with her children, the Department moved forward with termination proceedings. When the hearing commenced, C.W. executed an affidavit of voluntary relinquishment and then left the hearing. Her affidavit was bench-filed for the court's consideration.[3] The caseworker offered testimony concerning attempts to have all five children adopted by maternal relatives in Colorado if a home study provided positive results. Until then, the foster families of the three younger children expressed an interest in continuing to care for them.

The caseworker recommended that C.W.'s parental rights be terminated and opined that to do so would be in the children's best interests. Based on C.W.'s signed affidavit of voluntary relinquishment, the trial court found sufficient evidence to terminate her parental rights and also found that doing so was in the children's best interests.

---

[3] The affidavit appears in the clerk's record but was not admitted into evidence. The better practice would have been to have it admitted into evidence.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) and (2) termination of that relationship is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2017).[4] *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence. § 161.206(a) (West Supp. 2017). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest. *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). In reviewing a termination proceeding, the standard for sufficiency of the evidence is that discussed in *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014). In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371-72.

The Family Code permits a trial court to terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has signed an unrevoked or irrevocable affidavit of relinquishment of parental rights. § 161.001(b)(1)(K) (West Supp. 2017). An affidavit of relinquishment in compliance with section 161.103 (West Supp. 2017), alone can provide sufficient evidence that termination is in a child's best interest.

---

[4] All further references to "§" or to "section" are to the Texas Family Code unless otherwise designated.

*See In the Interest of K.S.L.*, 538 S.W.3d 107, 110 (Tex. 2017); *In the Interest of A.P.*, No. 07-17-00035-CV, 2017 Tex. App. LEXIS 4625, at *4 (Tex. App.—Amarillo May 19, 2017, no pet.) (mem. op.).

*ANDERS V. CALIFORNIA*

Although the Texas Supreme Court has yet to directly consider the issue, for many years Texas appellate courts, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).[5] The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated that she has complied with the requirements of *Anders* by (1) providing a copy of the brief to C.W. and (2) notifying C.W. of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this court also granted C.W. an

---

[5] *See also In re R.M.C.,* 395 S.W.3d 820 (Tex. App.—Eastland 2013, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In the Interest of D.D.*, 279 S.W.3d 849 (Tex. App.—Dallas 2009, pet. denied); *In the Interest of L.D.T.,* 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.); *Taylor v. Tex. Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.,* 135 S.W.3d 326, 329 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Services*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.,* 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *In re P.M.H.,* No. 06-10-00008-CV, 2010 Tex. App. LEXIS 3330, at *2 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.); *In the Interest of R.R.*, No. 04-03-00096-CV, 2003 Tex. App. LEXIS 4283, at *10-12 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.).

opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. C.W. did not file a response. The Department and the children's attorney ad litem both notified this court they would not file a response to the *Anders* brief unless specifically requested to do so. No such request was made.

ANALYSIS

As in a criminal case, we too have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that grounds for termination existed and that termination of C.W.'s parental rights was in the children's best interests. *See* § 161.001(b)(1), (2) (West Supp. 2017). *See also Gainous v. State*, 436 S.W.2d 137-38 (Tex. Crim. App. 1969). Having reviewed the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

CONCLUSION

We affirm the trial court's order terminating C.W.'s parental rights.[6]


Patrick A. Pirtle
Justice

---

[6] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court. Counsel has filed a motion to withdraw on which we take no action.