

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-18-00164-CV
_____

IN THE INTEREST OF J.A.M., A.R.M.M., AND B.L.M., CHILDREN

On Appeal from the County Court at Law
Moore County, Texas
Trial Court No. CL 29-17; Honorable Delwin McGee, Presiding

August 21, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, A.M.C., appeals the trial court's order terminating her parental rights to her children, J.A.M., A.R.M.M., and B.L.M.[1] In presenting this appeal, appointed counsel has filed an *Anders* brief[2] in support of a motion to withdraw. We affirm.

---

[1] To protect the privacy of the parent and her children, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017). *See also* TEX. R. APP. P. 9.8(b). The father's rights were also terminated in this proceeding, but he did not appeal.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

BACKGROUND

The Texas Department of Family and Protective Services removed A.M.C.'s children from her care for allegations of neglectful supervision. The children were placed in foster care in Amarillo—two older children were placed together; one younger sibling was placed in a different foster home. At the time of the final hearing, the caseworker testified the children were doing well with their placements although the two older children have some behavioral issues and the youngest child receives occupational, physical, and speech therapy six times a week. The Department is in contact with an agency that has identified a couple who is interested in adopting all three children.

After a year of attempting to reunify A.M.C. with her children, the Department moved forward with termination proceedings. At the final hearing, the Department's evidence showed that A.M.C. had tested positive for marijuana twice during the termination proceedings. She also accumulated a variety of outstanding traffic warrants for unpaid tickets[3] totaling approximately $2,300 and her driver's license was suspended. Despite this, she continued driving without a license until approximately two months before the final termination hearing when she was arrested. During the proceedings, she also became pregnant by a stranger and surrendered the baby for adoption because she was unable to support the child. Although she worked many of her services, the

---

[3] The tickets were issued in Dumas, Bushland, and Canyon, Texas. She also has an outstanding ticket in Potter County, Texas.

consensus among the Department and providers was that she was simply going through the motions and would return to using drugs if the children were returned.[4]

The caseworker testified that A.M.C. had knowingly placed or knowingly allowed her children to remain in conditions or surroundings which endangered their physical and emotional well-being by allowing her boyfriend to use drugs in their presence and violating a safety plan requiring that he be absent from the home. In addition, she allowed circumstances to continue that required the children to be removed multiple times by the Department undermining the children's stability.[5] In addition, by her own use of drugs and acquiescence of her husband's use in the home, she had engaged in conduct and knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children.

The children's conservatorship supervisor, caseworker, and A.M.C.'s counselor agreed that returning the children to A.M.C.'s care was not in their best interest. The conservatorship supervisor also had "grave concerns" because a person who would be a caregiver if the children were returned to A.M.C. had been investigated for sexual abuse of his own daughter. The caseworker was also concerned that, with the outstanding warrants, there was the threat A.M.C. would be arrested and incarcerated. They were also concerned that A.M.C. would be unable to care for her two children with behavioral

---

[4] A.M.C. had a history with the Department which included a prior removal in 2015 for drug use by her and her boyfriend. The children were returned in 2016 and within approximately four months, the father tested positive for drug use and intimated that he had used in front of the children. He also told the Department that A.M.C. was using as well. Shortly thereafter, A.M.C. tested positive for drug use and the children were removed for violating the safety plan.

[5] Overall, at the time of the final hearing, the children had been removed twice and under the Department's care for a total of two years and two months.

problems and the youngest child who had special needs. Like the removal in 2015, the 2017 removal was brought on by drug usage among other conditions, and they were concerned that she would revert to drug usage to deal with the stress rather than utilize the tools that were provided through services.

In April 2018, the trial court issued its order of termination finding by clear and convincing evidence that termination was proper under section 161.001(b)(1)(D) and (E) of the Texas Family Code and termination was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (2) (West Supp. 2017).[6] This appeal followed.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) and (2) termination of that relationship is in the child's best interest. *See* § 161.001(b)(1), (2). *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence. § 161.206(a) (West Supp. 2017). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest. *In re K.C.B.,* 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). In reviewing a termination proceeding,

---

[6] All further references to "§" or to "section" are to the Texas Family Code unless otherwise designated.

the standard for sufficiency of evidence is that discussed in *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014). In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371-72.

*Anders v. California*

Although the Texas Supreme Court has yet to directly consider the issue, for many years Texas appellate courts, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).[7] The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.M.C.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has complied with the requirements of *Anders* by (1) providing a copy of the brief to A.M.C. and (2) notifying A.M.C. of her right to file a pro se response if she desired to do so. *Id.* By letter, this court also granted A.M.C. an opportunity to

---

[7] *See also In re R.M.C.*, 395 S.W.3d 820 (Tex. App.—Eastland 2013, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In the Interest of D.D.*, 279 S.W.3d 849 (Tex. App.—Dallas 2009, pet. denied); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.); Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Services*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *In re P.M.H.*, No. 06-10-00008-CV, 2010 Tex. App. LEXIS 3330, at *2 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.); *In the Interest of R.R.*, No., 04-03-00096-CV, 2003 Tex. App. LEXUS 4283, at *10-12 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.).

exercise her right to file a response to counsel's brief, should she be so inclined. The Department notified this court it would not file a response to the *Anders* brief unless specifically requested to do so or unless it deems a brief necessary after review of any pro se response. A.M.C. did not file a response and no such request was made by this court.

ANALYSIS

As in a criminal case, we too have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that grounds for termination existed and that termination of A.M.C.'s parental rights was in the children's best interests. *See* § 161.001(b)(1), (2) (West Supp. 2017). Having reviewed the entire record and counsel's brief, we agree with counsel that there are not plausible grounds for appeal.

CONCLUSION

We affirm the trial court's order terminating A.M.C.'s parental rights.[8]

Patrick A. Pirtle
Justice

---

[8] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court. Counsel has filed a motion to withdraw on which we take no action.