

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00264-CV

_____

IN THE INTEREST OF C.V., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 71852-L1; Honorable Jack Graham, Presiding

November 1, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, A.T., appeals the trial court's order terminating her parental rights to her child, C.V.[1]  In presenting this appeal, appointed counsel has filed an *Anders* brief[2] in support of a motion to withdraw.  We affirm.

---

[1] To protect the privacy of the parent and her child, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).  *See also* TEX. R. APP. P. 9.8(b).  The father's rights were also terminated in this proceeding but he did not appeal.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

BACKGROUND

C.V. was born on March 6, 2017. In April, he was readmitted to the hospital. When he arrived, he was undernourished and A.T. was unable to describe his diet. She also acted belligerently and was hallucinating. When questioned, she admitted to using methamphetamine with her boyfriend both before and after C.V.'s birth. C.V. was removed and placed in foster care. At the time of the final hearing, he had bonded with his foster parents and all his needs were being met. In addition, his foster parents expressed a long-term intent to keep him if the trial court terminated the parental rights of his father and mother.

While termination proceedings were pending, A.T. tested positive for methamphetamine in May, August, and October 2017. She underwent a psychological evaluation but refused to follow any recommendations such as weekly psychotherapy. In January and February 2018, she refused treatment to stem her addiction to drugs and declared that her drug use was irrelevant to the termination proceedings. She also failed to submit to a court-ordered drug test. In March 2018, she was arrested for public intoxication/resisting arrest and received a sentence of sixty-days confinement. She served fourteen days.

In June 2018, a final hearing was held. The Department's evidence established that A.T. had failed to mitigate the conditions that had resulted in C.V.'s removal, i.e., maintained a sober and supportive lifestyle, addressed her mental health issues and hallucinations, and obtained safe and stable employment and housing. A.T. testified that, during the proceedings, she had not tried to find a job, sought no help for her depression, and made no attempt to address her methamphetamine addiction. At the same time, she

claimed that she was not addicted to methamphetamine, reiterated that her drug use was irrelevant to the proceedings, and claimed to be a "recreational user of everything."

Based upon A.T.'s admitted use of drugs before and after C.V.'s birth, Jessica Hoskins, Case Supervisor, testified that A.T. exposed C.V. to risks of emotional harm and jeopardized his well-being by knowingly engaging in conduct that endangered him. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D) (West Supp. 2018).[3] In addition, by her own use of drugs and acquiescence in her boyfriend's use in the home, she had engaged in conduct and knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of her child. *See* § 161.001(b)(1)(E). Hoskin's also testified that returning C.V. to A.T.'s care was not in his best interest based upon A.T.'s unemployment record, continued drug use, and disinterest in taking steps or following a plan to mitigate the circumstances that necessitated his removal. *See* § 161.001(b)(1)(D), (E), (O), (2).

In June 2018, the trial court issued its order of termination finding by clear and convincing evidence that termination was proper under section 161.001(b)(1)(D), (E), and (O) and termination was in the child's best interest. *See* § 161.001(b)(2). This appeal followed.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes (1) one or more acts or omissions enumerated under

---

[3] All further references to "§" or to "section" are to the Texas Family Code unless otherwise designated.

section 161.001(b)(1) and (2) termination of that relationship is in the child's best interest. *See* § 161.001(b)(1), (2). *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence. § 161.206(a) (West Supp. 2018). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest. *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). In reviewing a termination proceeding, the standard for sufficiency of evidence is that discussed in *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014). In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371-72.

ANDERS V. CALIFORNIA

Although the Texas Supreme Court has yet to directly consider the issue, for many years Texas appellate courts including this court have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).[4] The brief filed in this

---

[4] *See also In re R.M.C.*, 395 S.W.3d 820 (Tex. App.—Eastland 2013, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In the Interest of D.D.*, 279 S.W.3d 849 (Tex. App.—Dallas 2009, pet. denied); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet*.); Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Services*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *In re P.M.H.*, No. 06-10-00008-CV, 2010 Tex. App. LEXIS 3330, at *2 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.); *In the Interest of R.R.*, No., 04-03-00096-CV, 2003 Tex. App. LEXIS 4283, at *10-12 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.).

appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has complied with the requirements of *Anders* by (1) providing a copy of the brief to A.T. and (2) notifying her of the right to file a pro se response if she desired to do so. *Id.* By letter, this court also granted A.T. an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. A.T. did not file a response. The Department notified this court it would not file a response to the *Anders* brief unless specifically requested to do so. No such request was made.

ANALYSIS

As in a criminal case, we too have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a reasonable belief or conviction that grounds for termination existed and that termination of A.T.'s parental rights was in the child's best interest. *See* § 161.001(b)(1)(D), (E), (2). *See also Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969); *In re K.C.B.,* 280 S.W.3d at 894-95. Having reviewed the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

CONCLUSION

We affirm the trial court's order terminating A.T.'s parental rights.[5]


Patrick A. Pirtle
Justice

---

[5] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court. Here, counsel has filed a motion to withdraw on which we take no action.