

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00390-CV

_____

IN THE INTEREST OF J.S. AND M.S., CHILDREN

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-19481-16; Honorable Kara Darnell, Associate Judge Presiding

March 18, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, B.S., appeals the trial court's order terminating his parental rights to his children, J.S. and M.S.[1] In presenting this appeal, appointed counsel has filed an *Anders* brief[2] in support of a motion to withdraw. We affirm.

---

[1] To protect the privacy of the parent and children, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018). *See also* TEX. R. APP. P. 9.8(b). The mother's rights were also terminated in this proceeding, but she did not appeal.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

BACKGROUND

J.S. and M.S. were born in March 2010, and January 2011, respectively. In June 2017, the Department received a complaint alleging physical neglect and neglectful supervision of the children by their mother, D.S. During the investigation, D.S. admitted that her boyfriend made her fearful for her life. She described incidents where she was assaulted in front of her children. In addition, her home had no electricity, had a foul odor, and looked like a "hoarder" home. The children's father, B.S., no longer lived at the home when they were removed. Although he was aware of the conditions under which the children were living, he did not make any effort to help or visit them. He had decided it was in his best interest to leave and had moved to Colorado.

The children were removed and placed with their aunt. At the time of the final hearing, the children had bonded with their aunt and all their needs were being met. In addition, their aunt expressed a long-term intent to keep the children if the trial court terminated their father and mother's parental rights.

In October 2018, a final hearing was held. By that time, J.S. was eight years old and M.S. was seven years old. B.S. was not present at the hearing, but his court-appointed attorney was in attendance and vigorously cross-examined witnesses on his behalf. The Department's evidence established that, while termination proceedings were pending, B.S. executed a waiver of service and remained in Colorado. Following the children's removal, he began phoning the children each Sunday, but his calls dwindled to once a month and then, not at all. After March 2018, he had no contact with the children whatsoever. If their caseworker called him, he would speak with her, but he never initiated any calls with the Department.

A service plan was designed for the return of his children. Under the plan, he was required to sign a release of certain information, maintain stable employment, maintain safe and stable housing, submit to random drug testing, complete parenting classes, participate in individual counseling sessions, and maintain contact with the Department.[3] B.S. never provided any evidence that he completed any of the requirements under the plan. When the final hearing was held, he had not had any physical contact with the children in three to four years and no telephonic contact in seven to eight months.

Based upon the evidence that B.S. had no contact with the children for at least seven months, that the Department had made reasonable efforts to return the children to him, and that he had not regularly visited or maintained significant contact with the children and failed to demonstrate any ability to provide the children with a safe environment, the trial court found by clear and convincing evidence that B.S. had constructively abandoned the children while they were in the Department's care. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N) (West Supp. 2018).[4] In addition, the trial court found by clear and convincing evidence that B.S. failed to comply with the provision of a court order that specifically established the actions necessary for him to obtain the return of the children who had been under the Department's supervision for in excess of nine months as a result of the children's removal. § 161.001(b)(1)(O). The trial court also found that returning the children to B.S.'s care was not in their best interest due to his continued absence from the children and his disinterest in taking steps or following a plan

---

[3] A home study was performed in Colorado at a residence owned by a relative of B.S.; however, that home study revealed that the owner smoked marijuana in the house on a daily basis.

[4] All further references to "§" or to "section" are to the Texas Family Code unless otherwise designated.

to mitigate the circumstances that necessitated their removal.  *See* § 161.001(b)(1)(N), (O).

Shortly after the final hearing, the trial court issued its order of termination finding by clear and convincing evidence that termination was proper under section 161.001(b)(1)(N) and (O) and termination was in the children's best interest.  *See* § 161.001(b)(2).  This appeal followed.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) and (2) termination of that relationship is in the child's best interest. See § 161.001(b)(1), (2).  *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence.  § 161.206(a) (West Supp. 2018). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  § 101.007 (West 2014).

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest.  *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied).  In reviewing a termination proceeding, the standard for sufficiency of evidence is that discussed in *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014).  In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371-72.

*Anders v. California*

Although the Texas Supreme Court has yet to directly consider the issue, for many years Texas appellate courts including this court have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).[5] The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel complied with the requirements of *Anders* by providing a copy of the brief along with the appellate record and notifying B.S. of his right to file a *pro se* response if he desired to do so. *Id.* B.S. did not file a response. The Department notified this court they would not file a response to the *Anders* brief unless specifically requested to do so. No such request was made.

---

[5] *See also In re R.M.C.*, 395 S.W.3d 820 (Tex. App.—Eastland 2013, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In the Interest of D.D.*, 279 S.W.3d 849 (Tex. App.—Dallas 2009, pet. denied); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet*.); Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Services*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *In re P.M.H.*, No. 06-10-00008-CV, 2010 Tex. App. LEXIS 3330, at *2 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.); *In the Interest of R.R.*, No., 04-03-00096-CV, 2003 Tex. App. LEXUS 4283, at *10-12 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.).

ANALYSIS

As in a criminal case, we too have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a reasonable belief or conviction that grounds for termination existed and that termination of B.S.'s parental rights was in the children's best interests. *See* § 161.001(b)(1)(N), (O), (2). *See also Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969); *In re K.C.B.,* 280 S.W.3d at 894-95. Having reviewed the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

CONCLUSION

We affirm the trial court's order terminating B.S.'s parental rights.[6]

Patrick A. Pirtle
Justice

---

[6] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court. Counsel has filed a motion to withdraw on which we take no action.