161 S.W.3d 728 (2005)
In the Interest of L.D.T., C.R.E.T., and W.G.T.
No. 09-04-016 CV.
Court of Appeals of Texas, Beaumont.
Submitted March 1, 2005.
Decided March 24, 2005.
*729 Michael D. Papania, Law Office of Michael D. Papania, Nederland, for appellant.
Rebecca Green, Dickenson, pro se.
Tom Maness, Dist. Atty., Randi A. King, Asst. Dist. Atty., Beaumont, appellees.
Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

OPINION
HOLLIS HORTON, Justice.
This case presents an issue of first impression for this Court. We must determine whether appointed counsel may file an Anders brief in a parental-rights termination appeal.
In Anders v. California, 386 U.S. 738, 741-44, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court held that a court-appointed defense attorney in a criminal case who determines, after fully examining the record, that an appeal is frivolous must so advise the appellate court and then set forth any potential points of error and applicable law that might arguably support the appellant's position. Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination" of the record and determine independently whether the case is "wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).
Rebecca Green appeals the trial court's judgment terminating her parent-child relationship with her three children, L.D.T., C.R.E.T., and W.G.T. The judgment also terminated the parent-child relationship between the children and their father, who does not appeal.[1] Pursuant to Family Code section 161.001, the trial court found, by clear and convincing evidence, that statutory grounds existed for the termination and that termination of the parent-child relationship between Green and her children was in the children's best interests. See In re A.V., 113 S.W.3d 355, 362 (Tex.2003); TEX. FAM.CODE ANN. § 161.001 (Vernon 2002).
On appeal, Green's appointed counsel filed an Anders brief stating that, after a thorough review of the record, he determined this appeal is frivolous. The brief presents an adequate evaluation of the record *730 to demonstrate why there are no arguable grounds for reversal. Green's attorney has certified that a copy of the brief has been provided to Green and that counsel has provided Green with access to the appellate record. On December 16, 2004, Green was given an extension of time to file a brief. The extension expired on January 25, 2005, and as of the date of this opinion, Green has not filed a brief.
Several of our sister courts of appeals previously have determined that Anders procedures are appropriate in parental-rights termination cases. See In re D.E.S., 135 S.W.3d 326, 329 (Tex.App.-Houston [14th Dist.] 2004, no pet.); In re K.D., 127 S.W.3d 66, 67 (Tex.App.-Houston [1st Dist.] 2003, no pet.); Porter v. Texas Dep't of Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex.App.-Corpus Christi 2003, no pet.); In re K.M., 98 S.W.3d 774, 777 (Tex.App.-Fort Worth 2003, no pet.); In re E.L.Y., 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, no pet.); In re K.S.M., 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.). However, there is a distinction in these holdings. Several courtsHouston First, Houston Fourteenth, Fort Worth, and Wacoall specifically find that Anders procedures apply and, thus, make them mandatory. See In re D.E.S., 135 S.W.3d at 329; In re K.D., 127 S.W.3d at 67; In re K.M., 98 S.W.3d at 777; In re E.L.Y., 69 S.W.3d at 841. Other courtsCorpus Christi and Tylerhold that appointed counsel may file an Anders brief, and thereby apparently allow counsel to choose whether or not to follow the Anders procedures. See Porter, 105 S.W.3d at 56; In re K.S.M., 61 S.W.3d at 634.
The Texas Supreme Court has not addressed the applicability of Anders procedures in parental-rights termination cases. Some of its recent decisions, however, suggest that Anders briefs may be appropriate in such appeals. In In re M.S., the Texas Supreme Court held that the statutory right to counsel provided for parental-rights termination cases under Texas Family Code section 107.013(a)(1) necessarily includes the right to effective counsel. In re M.S., 115 S.W.3d 534, 544 (Tex.2003). And in doing so, the Court extended the Strickland test[2] used in the criminal context to civil parental-rights termination proceedings. Id. at 545. In In re D.A.S., the Court extended Anders to juvenile delinquency proceedings on the basis that their quasi-criminal nature implicated the Sixth Amendment right to counsel. In re D.A.S., 973 S.W.2d 296, 298-299 (Tex.1998). The rationale of D.A.S.that Anders applied to appointed counsel in non-criminal contexts where the Sixth Amendment is implicatedseemingly would extend to termination cases, as M.S. held that the right to effective counsel applies in those proceedings.
However, neither the Texas Supreme Court nor the United States Supreme Court has held that counsel is required to file an Anders brief in a parental-rights termination case upon finding that no arguable error exists or that the appellate courts are obliged to review the record for arguable error. Conversely, we are not prohibited from conducting our own review of the record for arguable error in a parental-rights *731 termination case where counsel files an Anders brief.[3] Accordingly, we hold that when appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an Anders brief.
Although we may or may not be required to do so, in this case we have reviewed the clerk's record and the reporter's record, and we find no arguable error requiring us to order appointment of new counsel to re-brief this appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We affirm the trial court's judgment.
AFFIRMED.
NOTES
[1] The father signed an affidavit voluntarily relinquishing his parental rights. See TEX. FAM.CODE ANN. § 161.103 (Vernon Supp.2005). At the Fourteen Day hearing on July 23, 2002, the father stated that he presently was incarcerated and was unable to care for the children.
[2] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (setting forth the two-pronged test for ineffective assistance of counsel claims in criminal proceedings: (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance).
[3] We note that this case does not involve any issues under section 263.405, and thus need not determine whether our decision would be the same if such issues were present. See TEX.FAM.CODE ANN. § 263.405 (Vernon 2002) (requiring, for example, in subpart (d) that the trial court, on appeal of a final order, conduct a hearing to determine whether a new trial should be granted, whether appellant's claim of indigence should be sustained, and whether the appeal is frivolous). As the Fort Worth Court explains, the Legislature's apparent intent in enacting Section 263.405 "was to provide a mechanism to reduce frivolous parental-termination appeals and to reduce post-judgment appellate delays in parental-termination appeals." In re S.J.G., 124 S.W.3d 237, 242 (Tex.App.-Fort Worth 2003, pet. denied).