In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00448-CV**
_____


**IN THE INTEREST OF J.P.**

_____

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-225,478-A**

_____

**MEMORANDUM OPINION**

Appellant S.P., the mother of the minor child J.P., appeals the trial court's

final order terminating her parental rights.[1] We affirm.

On December 21, 2016, the Department of Family and Protective Services

(the "Department") filed its Original Petition for Protection of a Child, for

Conservatorship, and for Termination in Suit Affecting the Parent-Child

Relationship against S.P. and J.P.'s father, R.W. Following separate evidentiary

---

[1] To protect the identity of the minor child, we have not used the names of
the child, parents, or other family members. *See* Tex. R. App. P. 9.8(a), (b).

hearings, the trial court signed orders terminating the parental rights of R.W. and S.P., respectively.[2] After the trial court rendered judgment against her, S.P. perfected her appeal.

S.P.'s appellate counsel subsequently filed a brief that presents counsel's professional evaluation of the record and concludes that there are no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.) (applying *Anders* procedure in an appeal from termination of parental rights). S.P.'s appellate counsel has further provided this court with documentation evidencing that he sent S.P. a copy of the brief, the reporter's record, and the clerk's record to her last known address, along with a detailed notice advising S.P. of her right to file a *pro se* brief. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). This Court also notified S.P. of her right to file a *pro se* response, as well as the deadline for doing so. S.P. did not file a *pro se* response.

We have independently examined the entire appellate record in this matter, and we agree with counsel's conclusion that no arguable issues support an appeal. We further find no arguable error requiring us to order appointment of new counsel

---

[2] R.W. did not appeal from the order terminating his parental rights, and he is not a party to this appeal.

2

to re-brief this appeal. *Cf. id.* at 511. Accordingly, we affirm the trial court's order, but we deny counsel's motion to withdraw as premature. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that a court-appointed appellate attorney's duty extends through the exhaustion or waiver of all appeals).

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 6, 2018
Opinion Delivered February 8, 2018

Before McKeithen, CJ, Kreger, and Horton, JJ