# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-18-00211-CV
_____

### IN THE INTEREST OF M.W.

**On Appeal from the County Court at Law**
**Polk County, Texas**
**Trial Cause No. CIV30744**

### MEMORANDUM OPINION

K.F. appeals from an order terminating his parental rights to his daughter, M.W.[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of K.F.'s parental rights and that termination of his rights would be in M.W.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O), (P), (2) (West Supp. 2017).

---

[1] To protect the identity of the minor, we use the initials for the child and her parents. *See* Tex. R. App. P. 9.8(b)(2). The Order of Termination also terminated the parental rights of M.W.'s mother, T.W., who signed an affidavit of relinquishment of parental rights. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(K) (West Supp. 2017). T.W. is not a party to this appeal.

Appellant's court-appointed appellate counsel submitted a brief in which counsel contends there are no meritorious grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record. Counsel certified that Appellant was served with a copy of the *Anders* brief filed on his behalf. This Court notified Appellant of his right to file a *pro se* response, as well as the deadline for doing so. This Court did not receive a *pro se* response from Appellant. We have independently reviewed the appellate record and counsel's brief, and we agree that any appeal would be frivolous. We find no arguable error requiring us to order appointment of new counsel to re-brief this appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating K.F.'s parental rights. We deny the motion to withdraw filed by K.F.'s court-appointed appellate attorney because an attorney's duty extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(3)(B) (West Supp. 2017); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). In the event that K.F. decides to pursue an appeal to the Supreme Court of Texas, counsel may satisfy counsel's obligations to K.F. "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27-28.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 4, 2018
Opinion Delivered September 20, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.