**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-18-000393-CV**

**IN THE INTEREST OF V.B.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-230,775**

## MEMORANDUM OPINION

N.B. appeals from an order terminating his parental rights to his daughter, V.B.[1,2] The trial court found by clear and convincing evidence statutory grounds exist for termination of N.B.'s parental rights, and termination of his rights would be in V.B.'s best interest. *See* Tex. Fam. Code. Ann. § 161.001(b)(1)(D), (E) (West Supp. 2018). Appellant's court-appointed appellate counsel submitted a brief in

---

[1] To protect the identity of the minor, we use initials for the child and her parents. *See* Tex. R. App. P. 9.8(b)(2).

[2] The mother's parental rights to V.B. were terminated in an earlier proceeding. She is not a party to this appeal.

which counsel contends there are no meritorious grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record. Counsel certified Appellant was served with a copy of the *Anders* brief filed on his behalf. This Court notified Appellant of his right to file a *pro se* response, as well as the deadline for filing the response. This Court did not receive a *pro se* response from Appellant. We have independently reviewed the appellate record and counsel's brief, and we agree any appeal would be frivolous. We find no arguable error requiring us to appoint new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating N.B.'s parental rights. We deny the motion to withdraw filed by N.B.'s court-appointed appellate counsel, because an attorney's duty extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(3)(B) (West Supp. 2018); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). In the event N.B. decides to pursue an appeal to the Supreme Court of Texas, counsel's obligations to N.B. can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27–28.

AFFIRMED.

                                                _____

                                                   CHARLES KREGER
                                                       Justice

Submitted on January 2, 2019
Opinion Delivered January 24, 2019

Before Kreger, Horton, and Johnson, JJ.