# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-19-00266-CV
_____

### IN THE INTEREST OF A.N.

---

### On Appeal from the 253rd District Court
### Liberty County, Texas
### Trial Cause No. CV1812859

---

### MEMORANDUM OPINION

B.N. appeals from an order terminating her parental rights to her son, A.N.[1,2] The trial court found by clear and convincing evidence that statutory grounds exist for termination of B.N.'s parental rights, and termination of her rights would be in A.N.'s best interest. *See* Tex. Fam. Code. Ann. § 161.001(b)(1)(E). Appellant's

---

[1] We identify minors in appeals in parental-rights termination cases by using an alias to protect the minor's identity and all members of the child's family. *See* Tex. R. App. P. 9.8(a), (b).

[2] R.N., A.N.'s father, did not appear at trial and does not appeal the termination of his parental rights.

court-appointed counsel submitted a brief in which counsel contends there are no meritorious grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record. Counsel certified Appellant was served with a copy of the *Anders* brief filed on her behalf. This Court notified Appellant of her right to file a *pro se* response, as well as the deadline for filing the response. B.N. filed a *pro se* letter in response to counsel's *Anders* brief but failed to raise any issues challenging the trial court's termination. We have independently reviewed the appellate record, counsel's brief, and B.N.'s *pro se* response, and we agree any appeal would be frivolous. We find no arguable error requiring us to appoint new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating B.N.'s parental rights. We deny the motion to withdraw filed by B.N.'s court-appointed appellate counsel, because an attorney's duty extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(3)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). In the event B.N. decides to pursue an appeal to the Supreme Court of Texas, counsel's obligations to B.N. can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27–28.

2

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 22, 2019
Opinion Delivered November 7, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.