In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00436-CV
_____

IN THE INTEREST OF M.C.

**On Appeal from the 411th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV15,640**

**MEMORANDUM OPINION**

Following a hearing, the trial court terminated the parent-child relationship between Mother and her son, Drew.[1] Mother appealed. But her court-appointed appellate attorney filed an *Anders* brief, asserting no arguable grounds can be advanced to support Mother's appeal.[2]

---

[1] To protect the identity of the minor child identified in the trial court's judgment, we use a pseudonym. We follow the same convention for the child's mother. *See* Tex. R. App. P. 9.8(a), (b); *see also* Tex. Fam. Code Ann. § 161.001(b)(1)(O), (b)(2), (d) (Supp.).

[2] *See Anders v. California*, 386 U.S. 738 (1967); *see also In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases).

1

We conclude Mother's brief complies with the requirements applicable to *Anders* briefs. The brief that counsel filed presents counsel's professional evaluation of the record and explains why no arguable grounds exist to support overturning the judgment rendered in the court below.[3] Counsel gave Mother a copy of the brief counsel filed on Mother's behalf, notified Mother she could file a *pro se* brief, and explained to Mother how she could review a copy of the record that is relevant to her appeal. The record shows Mother did not respond by filing her own brief.

We have reviewed the appellate record, including the transcript of the hearing that resulted in the trial court's decision to terminate Mother's rights to Drew. Having reviewed the record, we conclude no arguable grounds exist to support Mother's appeal and conclude Mother's appeal is frivolous.[4] We note counsel's duty to represent her client extends through the exhaustion or waiver of all appeals. Should Mother desire to appeal further, counsel may satisfy her duty to Mother "by filing a petition for review [with the Texas Supreme Court] that satisfies the standards for an *Anders* brief."[5] Accordingly, the trial court's judgment is affirmed.

---

[3] *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

[4] *See In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In re D.D.*, 279 S.W.3d at 850.

[5] *See* Tex. Fam. Code Ann. § 107.016(3)(B); *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on February 19, 2020
Opinion Delivered March 26, 2020

Before Kreger, Horton and Johnson, JJ.