# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-20-00181-CV
_____

### IN THE INTEREST OF I.E.

_____

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-237,025**

_____

### MEMORANDUM OPINION

S.E. (Father) appeals from an order terminating his parental rights to his minor child, I.E. For a trial court to terminate a parent's rights to his children, the State must prove by clear and convincing evidence (1) that the parent committed an act prohibited under section 161.001(1) of the Texas Family Code and (2) that terminating the parent's rights is in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)-(2). Here, the parties tried the case to the bench, and the trial court found clear and convincing evidence supported the Department of Family and Protective Service's allegations claiming Father's rights should be terminated based

on several grounds in section 161. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P). The trial court also found that terminating Father's rights is in I.E.'s best interest. *See id.* § 161.001(b)(2).

Father then appealed from the trial court's order terminating his parental rights to I.E. Subsequently, Father's court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced to support Father's appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record. Counsel served Father with a copy of the *Anders* brief filed on his behalf. After Father's counsel filed the *Anders* brief, the Court notified Father of his right to file a *pro se* response, and the deadline to do so. Father did not respond to the Court's notice.

We have independently reviewed the appellate record. Based on the record before us, we find any appeal would be frivolous as there is no arguable error that would require the Court to have another attorney appointed to re-brief Father's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). For these reasons, we affirm the trial court's order terminating Father's parental rights.

AFFIRMED.

_____
HOLLIS HORTON
Justice

2

Submitted on October 19, 2020
Opinion Delivered November 19, 2020

Before Kreger, Horton and Johnson, JJ.