In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-21-00035-CV
_____

### IN THE INTEREST OF B.J.H.

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-237,173**

### MEMORANDUM OPINION

I.J. appeals from an order terminating her parental rights to her daughter, B.J.H.[1] The trial court found by clear and convincing evidence, statutory grounds exist for termination of I.J.'s parental rights, and termination of rights was in B.J.H.'s best interest.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (2). I.J.'s court-appointed appellate counsel submitted a brief in which counsel asserts there are no meritorious grounds to be advanced on appeal. *See Anders v. California*, 386

_____

[1] To protect the minor's identity, we use initials for the child and her mother. *See* Tex. R. App. P. 9.8(b)(2).

[2] The trial court also terminated Father's parental rights, but he is not a party to this appeal.

1

U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record. Counsel certified I.J. was served with a copy of the *Anders* brief filed on her behalf. This Court notified I.J. of her right to file a *pro se* response, as well as the deadline for filing the response. This Court did not receive a *pro se* response from I.J. We have independently reviewed the appellate record and counsel's brief, and we agree any appeal would be frivolous. We find no arguable error requiring us to appoint new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating I.J.'s parental rights. We deny the motion to withdraw filed by her court-appointed appellate counsel, because an attorney's duty extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(3)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). In the event I.J. decides to pursue an appeal to the Supreme Court of Texas, counsel's obligations to I.J. can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27–28.

AFFIRMED.

_____

CHARLES KREGER
Justice

Submitted on June 1, 2021
Opinion Delivered June 24, 2021

Before Golemon, C.J., Kreger and Horton, JJ.