In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00144-CV**
_____

**IN THE INTEREST OF M.F.R.**

On Appeal from the County Court at Law
Orange County, Texas
Trial Cause No. C200333-D

**MEMORANDUM OPINION**

C.R. (Mother) appeals from an order terminating her parental rights to her minor child, M.F.R. To obtain a verdict terminating someone's parental-rights, the State must prove by clear and convincing evidence two things: (1) the parent engaged in conduct that violated one of the twenty-one subsections listed in section 161.001(1) of the Texas Family Code; and (2) a decision terminating the parent's rights to the child is in the child's best interest.[1]

---

[1]*See* Tex. Fam. Code Ann. § 161.001(b)(1)-(2).

In this appeal, the record shows the parties tried the case to the bench. When the trial ended, the trial court found that clear and convincing evidence supported the Department of Family and Protective Service's allegations on five of the twenty-one grounds listed in section 161.001 for terminating a parent's relationship with her child.[2] And together with those five grounds, the trial court also found that terminating Mother's relationship with M.F.R. is in M.F.R.'s best interest.[3]

After the trial court signed the judgment, Mother appealed. On appeal, the court-appointed attorney who represents Mother filed a brief. In the brief, the attorney represents that no arguable grounds exist to support Mother's appeal.[4] We conclude the brief represents a professional evaluation of the record. We further note that the record shows the attorney who represents Mother in her appeal sent her a copy of the brief. After the Court received Mother's brief, the Clerk notified Mother that she could file a *pro se* response in her appeal. The Court also gave Mother a deadline in which to file her response.

Mother responded to the notice by letter. In the letter, Mother states that she has just completed a parenting class and is taking other classes that she asserts are

---

[2]*See id.* § 161.001(b)(1)(D), (E), (N), (O), (P).
[3]*See id.* § 161.001(b)(2).
[4]*See Anders v. California*, 386 U.S. 738 (1967); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.).

2

equipping her with the skills she needs to care for M.F.R. Mother concludes her letter by asking for another chance to prove that she can provide for M.F.R.'s needs.

We have carefully reviewed the record in Mother's appeal. She did not prevail on the disputed issues of fact that the trial court resolved against her in the trial. Mother points to evidence in her letter that is outside the scope of the record in her appeal. For these reasons, we conclude that Mother's appeal is frivolous. And we find no reasonable basis exists for this Court to require the trial court to appoint another attorney to re-brief Mother's appeal.[5]

Accordingly, the trial court's judgment terminating the parent-child relationship between Mother and M.F.R. is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 11, 2021
Opinion Delivered September 23, 2021

Before Golemon, C.J., Kreger and Horton, JJ.

---

[5]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).