**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00147-CV**
_____

**IN THE INTEREST OF B.L.B.**

_____

**On Appeal from the County Court at Law**
**Orange County, Texas**
**Trial Cause No. C190094-D**

_____

**MEMORANDUM OPINION**

C.N.B. appeals from an order terminating her parental rights to her child,

B.L.B.[1] The trial court found, based on clear and convincing evidence, that statutory

grounds exist for terminating C.N.B.'s parental rights and terminating her rights was

in B.L.B's best interest.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (F), (I),

(N), (O), (b)(2); § 161.003. C.N.B.'s court-appointed appellate counsel submitted a

---

[1] To protect the minor's identity, we use initials for the child and Mother. *See* Tex. R. App. P. 9.8(b)(2).
[2] The trial court also terminated Father's parental rights after he signed an affidavit of voluntary relinquishment, but he is not a party to this appeal.

1

brief in which counsel asserts there are no meritorious grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728 (Tex. App.—Beaumont 2005, not pet.). The brief provides counsel's professional evaluation of the record and explains that after a thorough review of the record, an appeal would be frivolous. Counsel certified C.N.B. was served with a copy of the *Anders* brief filed on her behalf. Then, the Court notified C.N.B. of her right to file a *pro se* response and the deadline for filing a response. C.N.B. filed a *pro se* response.

We have independently reviewed the appellate record, counsel's brief, and C.N.B.'s *pro se* response. We agree an appeal would be frivolous. We find no arguable error exists that requires appointing new counsel to re-brief C.N.B.'s appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating C.N.B.'s parental rights. We deny the motion to withdraw filed by her court-appointed appellate counsel. An attorney's duty extends through the time the client exhausts or waives her right to appeal our ruling to the Texas Supreme Court. *See* Tex. Fam. Code Ann. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). If C.N.B. decides to appeal to the Supreme Court of Texas, counsel may meet his obligations to C.N.B. "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27-28.

AFFIRMED.


_____
CHARLES KREGER
Justice

Submitted on September 27, 2021
Opinion Delivered October 21, 2021

Before Golemon, C.J., Kreger and Horton, JJ.