In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-21-00187-CV
_____

### IN THE INTEREST OF G.F.L.L. AND L.M.L.

_____

**On Appeal from the County Court of Law**
**Orange County, Texas**
**Trial Cause No. C190681-D**

_____

### MEMORANDUM OPINION

In a parental-right termination case, Mother appeals from a final order terminating her rights to her children, G.F.L.L. and L.M.L.[1] As the plaintiff in the trial court, the Department of Family and Protective Services had to prove two things to prevail on its claim to terminate Mother's parental rights: (1) Mother engaged in conduct that violated at least one of the twenty-one subsections the Legislature

_____

[1]The order also terminated Father's rights, but Father did not appeal.

established to justify terminating a parent's relationship with his or her child; and (2) terminating the relationship is in each child's best interest.[2]

When before the trial court, the parties tried the case to the bench. In the end, the trial court found Mother engaged in conduct that supports the Department's allegations to terminate Mother's rights under sections 161.001(1)(D), (E), (L), (N), and (O) of the Family Code.[3] Along with those findings, the trial court found that terminating the parent-child relationships between Mother and her children, G.F.L.L. and L.M.L., is in their best interest.[4] After rendering judgment, Mother appealed.

On appeal, Mother's court-appointed attorney filed a brief, which argues there are no arguable grounds available for an argument claiming the trial court made an error that would require the judgment to be reversed.[5] After reviewing the briefs the parties filed, we agree the brief filed by Mother's attorney represents a professional evaluation of the record. The record also shows Mother's attorney sent Mother a copy of the brief that the attorney filed on Mother's behalf in her appeal. Upon the filing of the brief, the Clerk notified Mother she had the right to file a pro se response. However, Mother did not do so.

---

[2]*See* Tex. Fam. Code Ann. § 161.001(b)(1)-(2).
[3]*See id.* § 161.001(b)(1)(D), (E), (L), (N), (O).
[4]*See id.* § 161.001(b)(2).
[5]*See Anders v. California*, 386 U.S. 738 (1967); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.).

Based on our review of the record and the parties' briefs, we agree with the suggestion of Mother's attorney that the appeal is frivolous. Thus, we need not appoint another attorney to represent Mother in the appeal.[6] For the reasons explained above, the trial court's judgment terminating Mother's parent-child relationships with G.F.L.L. and L.M.L. is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 16, 2021
Opinion Delivered December 16, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

---

[6]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).