In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00392-CV**
_____

**IN THE INTEREST OF J.P.**

_____

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-238,883**
_____

**MEMORANDUM OPINION**

Father appeals from an order terminating his parental rights to his eleven-year-old son, J.P. The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Father's parental rights and that termination of his parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (L), (2).[1] The order also terminated the parental rights of the child's mother.[2]

---

[1] According to the appellant's counsel, after Father appealed, the trial court signed a First Amended Termination Order dropping subsection L as a ground for termination.

[2] The mother is not a party to this appeal.

Father's appointed attorney submitted a brief in which the attorney contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. Father's attorney has represented to the Court that she gave Father a copy of the brief that she filed, notified Father of his right to file a pro se brief, and provided Father a copy of the appellate record. The Court notified Father of his right to file a pro se response and notified Father of the deadline for doing so. Father did not file a response.

We have independently evaluated the appellate record and the brief filed by Father's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we conclude that no arguable grounds exist to support an appeal from the trial court's judgment, we have found nothing that would arguably support an appeal, and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and

reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief this appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Father's parental rights. We deny the motion to withdraw filed by Father's court-appointed appellate attorney because the right to counsel in suits seeking the termination of parental rights extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, the attorney's obligation to Father has not been discharged. *See In re P.M.*, 520 S.W.3d at 27. Should Father decide to pursue an appeal to the Supreme Court of Texas, counsel's obligation to Father can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 7, 2022
Opinion Delivered March 17, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

3