**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00242-CV**
_____

**IN THE INTEREST OF M.E.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-237,814**

**MEMORANDUM OPINION**

Appellant Mother appeals the termination of her parental rights to her child, M.E.[1] *See* Tex. Fam. Code Ann. § 161.001. The trial court found by clear and convincing evidence that statutory grounds exist for termination and that termination is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (F), (K), (N), (O), (P), (2).

---

[1] To protect the identity of the minor, we use initials to refer to the child. *See* Tex. R. App. P. 9.8(b)(2).

Appellant's court-appointed appellate counsel submitted a brief in which counsel contends there are no meritorious issues for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record, discusses the evidence at trial and the applicable legal standard, the trial court's ruling, and why the trial court's ruling is supported by sufficient evidence. Counsel concludes there are no arguable grounds to be advanced on appeal. Counsel certified that Appellant was served with a copy of the *Anders* brief. The Court notified Mother of her right to file a pro se response and of the deadline for doing so. Mother did not file a response with the Court.

We have independently reviewed the entire record and counsel's brief, and we conclude that there are no arguable grounds for review, that no reversible error exists, and that Appellant's appeal is frivolous. *See Anders,* 386 U.S. at 744 (emphasizing that the reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). As a result, we affirm the trial court's termination of Appellant's parental rights. We further find no arguable error requiring us to order appointment of new counsel to re-brief this appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating Appellant's parental rights.[2]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 28, 2022
Opinion Delivered January 12, 2023

Before Golemon, C.J., Johnson and Horton, JJ.

---

[2] We note that if Appellant decides to pursue review by the Supreme Court of Texas, counsel may satisfy her obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).