In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-23-00088-CV
_____

### IN THE INTEREST OF C.D. AND M.D.

**On Appeal from the County Court at Law No. 1**
**Montgomery County, Texas**
**Trial Cause No. 21-08-11962-CV**

### MEMORANDUM OPINION

Mother appeals from an order terminating her parental rights to her one-year-old twins, C.D. and M.D.[1] The trial court found, by clear and convincing evidence, that Mother had executed a voluntary affidavit of relinquishment of her parental rights to the children, and that termination of her parental rights would be in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(K), (2).

---

[1] To protect the identity of the children, we use pseudonyms to refer to the children and the parents. *See* Tex. R. App. P. 9.8(b)(2). The trial court's Order of Termination also terminated the children's father's parental rights, but the father is not a party to this appeal.

Mother's appointed attorney submitted a brief in which he contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that he gave Mother a copy of the *Anders* brief he filed, notified Mother of her right to file a pro se brief, and notified Mother of how to access the appellate record. The Court notified Mother of her right to file a pro se response and of the deadline for doing so. Mother did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Mother's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas

2

Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating Mother's parental rights.[2]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 26, 2023
Opinion Delivered July 13, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

---

[2] We note that if Appellant decides to pursue review by the Supreme Court of Texas, counsel may satisfy his obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).