In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00141-CV
_____

IN THE INTEREST OF A.C.

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-241,267

## MEMORANDUM OPINION

Following a trial to the bench, the trial court terminated Mother's relationship with A.C., whom we will call *Anna*, their eighteen-month-old child.[1] After the trial court signed the order terminating Anna's relationship with her Mother, Mother filed her notice of appeal.[2]

_____

[1]We have used pseudonyms to protect the identity of the minor. *See* Tex. R. App. P. 9.8(a), (b). The trial court signed an interlocutory order that terminated Father's parent-child relationship with Anna three months before the trial to the bench when Father failed to appear after being "duly and properly notified" by the Department of Family and Protective Services of the suit.

[2]While Father didn't appeal from the interlocutory order the trial court signed when it terminated his parental rights to Anna based on his

1

As to Mother, in its final order states the trial found by clear and convincing evidence "that Mother has knowingly placed or allowed [Anna] to remain in conditions that endangered her well-being and engaged in conduct or knowingly placed [Anna] with persons who engaged in conduct which endanger[ed Anna's] physical or emotional well-being[.]"[3] The trial court also found that terminating the parent-child relationship between Mother and Anna is in Anna's best interest.[4]

On appeal, Mother's court-appointed attorney filed a brief. The brief provides the Court with a professional evaluation of the record. According to Mother's brief, no arguable grounds exist to support Mother's appeal.[5] Mother's attorney also provided the Court with a letter that she represents she sent to Mother upon filing the brief. The attorney's letter says that the attorney provided Mother with a copy of

failure to appear in response to the Department's suit, we note the order the trial court signed terminating Mother's rights in May 2023 contains language of finality. Thus, Father had the right to appeal from the trial court's May 2023 order terminating Mother's rights, as it denies all relief "not expressly granted[.]"

[3]*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E).

[4]*Id*. § 161.001(b)(2).

[5]*See Anders v. California*, 386 U.S. 738 (1967); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.).

the letter, the brief, the Reporter's Record, and the Clerk's Record that were filed in her appeal.

After receiving the *Anders* brief, the Clerk of the Ninth Court of Appeals notified Mother she had until September 21, 2023, to file a pro se response with the court. Yet the appellate record shows that Mother did not file a response after the Court sent her this notice.

We have independently reviewed the appellate record. Based on that review, we find Mother's appeal is frivolous. Accordingly, we need not appoint another attorney to re-brief the appeal.[6]

Accordingly, the trial court's final order is

AFFIRMED.

HOLLIS HORTON
Justice

Submitted on October 12, 2023
Opinion Delivered October 19, 2023

Before Horton, Johnson and Wright, JJ.

---

[6]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).