**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00195-CV**
_____

**IN THE INTEREST OF M.H.**

_____

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-241,965**
_____

**MEMORANDUM OPINION**

Appellant Mother appeals the termination of her parental rights to her child, Max.[1] *See* Tex. Fam. Code Ann. § 161.001. The trial court found, by clear and convincing evidence, that statutory grounds exist for termination and that termination is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2).[2]

---

[1] To protect the minor child's identity, we refer to him by a pseudonym. *See* Tex. R. App. P. 9.8(b)(2).

[2] The trial court also terminated Father's rights, but Father did not appeal the termination.

Appellant's court-appointed appellate counsel submitted a brief in which counsel contends there are no meritorious issues for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). Counsel contemporaneously filed a motion to withdraw. The brief provides counsel's professional evaluation of the record, discusses the evidence at trial and the applicable legal standard, the trial court's ruling, and why the trial court's ruling is supported by sufficient evidence. Counsel concludes there are no arguable grounds to be advanced on appeal. Counsel certified that Appellant was served with a copy of the *Anders* brief. On September 18, 2023, this Court notified Appellant of her right to file a pro se response, as well as the October 19, 2023 deadline for doing so. This Court received no pro-se response from Appellant.

We have independently reviewed the entire record and counsel's brief, and we conclude that there are no arguable grounds for review, that no reversible error exists, and that Appellant's appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that the reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). As a result, we affirm the trial court's termination of Appellant's parental rights. We further find no arguable error requiring us to order appointment of new counsel to re-brief this appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

But we deny the motion to withdraw because this is a parental termination case and counsel's motion to withdraw does not show "good cause" for withdrawal. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (In a parental termination case when the attorney files an *Anders* brief and a motion to withdraw, "an *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). An attorney appointed under section 107.013(a)(1) of the Texas Family Code continues to represent an indigent parent as outlined under section 107.016 of the Texas Family Code until the earliest of either the date the suit is dismissed, the date that all appeals in relation to any final order terminating parental rights are exhausted or waived, or the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record. *See* Tex. Fam. Code Ann. §§ 107.013(a)(1), 107.016(2); *In re P.M.*, 520 S.W.3d at 27-28.[3]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on November 14, 2023
Opinion Delivered November 30, 2023

Before Golemon, C.J., Johnson and Wright, JJ.

---

[3] We note that if Appellant decides to pursue review by the Supreme Court of Texas, counsel may satisfy his obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).