**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00300-CV**

_____

**IN THE INTEREST OF T.T. AND T.T.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-241,535**

**MEMORANDUM OPINION**

Appellant Mother appeals the termination of her parental rights to her children, Tate and Tina.[1] *See* Tex. Fam. Code Ann. § 161.001. The trial court found, by clear and convincing evidence, that statutory grounds exist for termination and that termination is in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2).[2]

---

[1] To protect the minor children's identity, we refer to them with pseudonyms. *See* Tex. R. App. P. 9.8(b)(2).

[2] The trial court also terminated Father's rights, but Father did not appeal the termination.

Appellant's court-appointed appellate counsel submitted a brief in which counsel contends there are no meritorious issues for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record, discusses the evidence at trial and the applicable legal standard, the trial court's ruling, and why the trial court's ruling is supported by sufficient evidence. Counsel concludes there are no arguable grounds to be advanced on appeal. Counsel certified that Appellant was served with a copy of the *Anders* brief. On November 27, 2023, this Court notified Appellant of her right to file a pro se response, as well as the December 27, 2023, deadline for doing so. This Court received no pro-se response from Appellant.

We have independently reviewed the entire record and counsel's brief, and we conclude that there are no arguable grounds for review, that no reversible error exists, and that Appellant's appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that the reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). As a result, we affirm the trial court's termination of Appellant's parental rights. *See In re Y.R.,* No. 02-17-00301-CV, 2018 WL 895192, *2 (Tex. App.—Fort Worth Feb. 15, 2018, pet. denied) (mem. op.) (affirming an *Anders* brief when "the evidence considered by the trial court legally and factually supported its findings that (1) [Appellant's] actions

satisfied at least one ground listed in section 161.001(b)(1) and alleged in the petition for termination and (2) terminating [Appellant's] parental rights was in [the children's] best interests under section 161.001(b)(2)"); *see also T.L. v. Tex. Dep't. of Family and Protective Servs.* No. 03-20-00549-CV, 2021 WL 958569, *1 n.1 (Tex. App.—Austin Mar. 11, 2021, no pet.) (mem. op.) (Affirmed an *Anders* brief filed by counsel that contended insufficient grounds for termination under one ground of 161.001(b)(1), but conceded it was harmless error, as there were sufficient grounds to support termination under other grounds of 161.001(b)(1) listed in the final termination order). We also hold no arguable error requiring us to order appointment of new counsel to re-brief this appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).[3]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on January 23, 2024
Opinion Delivered February 15, 2024

Before Golemon, C.J., Horton and Wright, JJ.

---

[3] We note that if Appellant decides to pursue review by the Supreme Court of Texas, counsel may satisfy her obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).