In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00160-CV
_____

IN THE INTEREST OF T.K.W., A.R.W., AND A.R.W.

_____

**On Appeal from the County Court at Law**
**Orange County, Texas**
**Trial Cause No. 230242-D**

_____

**MEMORANDUM OPINION**

Following a trial to the bench, the trial court terminated Mother's and Father's parent-child relationship with T.K.W., whom we will call *Tucker*, with A.R.W., whom we will call *Anna*, and with A.R.W., whom we will call *Amy*.[1] After the trial court signed the order terminating Tucker's, Anna's, and Amy's relationship with their Mother and Father, Father filed a notice to appeal but Mother did not.

---

[1]We have used pseudonyms to protect the identity of the minors. *See* Tex. R. App. P. 9.8(a), (b).

The judgment states that the trial court found, by clear and convincing evidence, that Father (1) knowingly placed or allowed the children to remain in conditions that endangered their well-being; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct who endangered the children's physical or emotional well-being; (3) constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months and: (i) the Department has made reasonable efforts to return the children to Father, (ii) Father has not regularly visited or maintained significant contact with the children, and (iii) Father has demonstrated an inability to provide the children with a safe environment; (4) failed to comply with the provision of a court order establishing the actions necessary for Father to obtain the children's return; and (5) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the children, and (i) failed to complete a court-ordered substance abuse treatment program, or (ii) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (P). The trial court also found that terminating the parent-child relationship between Father and the children is in the children's best interest. *Id*. § 161.001(b)(2).

Father's court-appointed appellate counsel submitted a brief in which counsel contends that there are no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.). The brief provides counsel's professional evaluation of the record. Counsel served Father with a copy of the *Anders* brief filed on his behalf. This Court notified Father of his right to file a *pro se* response, as well as the deadline for doing so. Father filed a *pro se* letter brief.

We have independently reviewed the appellate record, counsel's brief, and Father's letter brief, and we agree that any appeal would be frivolous. We find no arguable error requiring us to order appointment of new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Although we have found nothing that would arguably support an appeal, we conclude that the order of termination requires modification. The reporter's record reflects that the trial court rendered judgment in open court upon its findings that Father committed the following predicate violations – Family Code subsections 161.001(b)(1)(D), (E), (O), and (P). *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P). The written judgment reflects that the grounds for termination were Family Code subsections 161.001(b)(1)(D), (E), (N), (O), and (P). *See id.* § 161.001(b)(1)(D), (E), (N), (O), (P). Accordingly, we modify the trial court's order of termination to reflect the proper predicate violations – Family Code subsections

161.001(b)(1)(D), (E), (O), and (P). *See Getts v. State*, 155 S.W.3d 153, 155-158 (Tex. Crim. App. 2005) (affirming appellate court's reformation of trial court's judgment in *Anders* case); *see also R.J.O. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-13-00478-CV, 2013 WL 6060778, at *1-2 (Tex. App.—Austin Nov. 13, 2013, no pet.) (mem. op.); *In the Interest of S.R.*, No. 10-17-00372-CV, 2018 WL 2142740, at *1-2 (Tex. App.—Waco May 8, 2018) (no pet.) (mem. op.).

We affirm the trial court's order terminating Father's parental rights as modified.

AFFIRMED AS MODIFIED.

KENT CHAMBERS
Justice

Submitted on July 26, 2024
Opinion Delivered August 29, 2024

Before Johnson, Wright and Chambers, JJ.