In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00146-CV

_____

IN THE INTEREST OF R.G.W.

On Appeal from the County Court at Law
Orange County, Texas
Trial Cause No. C220556-D

MEMORANDUM OPINION

Father appeals from an order terminating his parental rights to his minor child, R.G.W.[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Father's parental rights and that termination of his parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (2).

_____

[1] To protect the identity of the child, we use pseudonyms and initials to refer to the child and his father. *See* Tex. R. App. P. 9.8(b)(2).

1

Father's appointed attorney submitted a brief in which he contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730–31 (Tex. App.—Beaumont 2005, no pet.) (noting *Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that he gave Father a copy of the *Anders* brief he filed and notified Father of his right to file a pro se brief. The Court notified Father of his right to file a pro se response and the deadline for doing so. Father filed a pro se response with the Court.

We have independently evaluated the appellate record and the brief filed by Father's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we have found nothing that would arguably support an appeal and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346

S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Father's parental rights. Should Father decide to pursue an appeal to the Supreme Court of Texas, his counsel's obligation can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

AFFIRMED.

JAY WRIGHT
Justice

Submitted on August 5, 2024
Opinion Delivered August 29, 2024

Before Golemon, C.J., Johnson and Wright, JJ.