**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00214-CV**

_____

**IN THE INTEREST OF D.S AND M.S.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCFM1549**

**MEMORANDUM OPINION**

Mother appeals from an order terminating her parental rights to her children,

D.S. ("Don") and M.S. ("Millie").[1] The trial court found, by clear and convincing

evidence, that statutory grounds exist for the termination of Mother's parental rights

and that termination of her parental rights would be in the best interest of the

children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(C), (D), (E), (O), (2).[2]

---

[1]To protect the children's identity, we use pseudonyms to refer to the children and the mother. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2). The children's father is deceased.

[2]The legislature recently removed Section O under 161.001(b)(1). *See* Act of May 28, 2025, 89th Leg., R.S., ch. 211, § 2, Tex. Gen. Laws 573, 574–75 (current

1

Mother's appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730–31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-right termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Mother a copy of the *Anders* brief she filed, notified Mother of her right to file a pro se brief, and notified Mother of how to access the appellate record. The Court notified Mother of her right to file a pro se response and of the deadline. Mother did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Mother's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the

---

version at Tex. Fam. Code Ann. § 161.001(b)(1)). The prior version of the statute controls cases filed before September 1, 2025, and therefore, applies to this case.

opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).[3]

Accordingly, we affirm the trial court's order terminating Mother's parental rights.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on September 24, 2025
Opinion Delivered November 6, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[3]We note that if Appellant decides to pursue review in the Supreme Court of Texas, counsel may satisfy her obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).